# Lycoming Fire Insurance Company *versus* Woodworth *et al.*

1. Where an agent, whose appointment was in writing, was permitted to testify as to the extent of his authority, and the court submitted the whole question of his authority to the jury, but the record did not bring up his testimony: *Held*, that it must be presumed that the submission of the question to the jury was warranted by the evidence.

2. An appointment to act as "agent or surveyor" of a fire insurance company must be taken in a general sense and as conferring all powers which the company might give to its representative.

3. In such a case the term "surveyor" cannot be taken as limiting the word "agent."

4. A party whose agent has, by false representations, induced another to enter into a contract with him, cannot enforce the contract even though the agent had no authority to make the representations.

5. Where W. was induced by false representations of an agent of a mutual fire insurance company, to take out a policy in the company giving as part consideration therefor his premium note, it was *held*, in an action to recover an assessment upon the note, that the company could not recover, even though the misrepresentations were made by the agent without authority.

6. The maxim, *qui sentit commodum, sentire debet et onus*, applied.

November 24th 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Franklin county:* Of October and November Term 1876, No. 105.

The case was this: In December 1869, Woodworth, Craig & Co. took out a policy of insurance against fire for five years upon their property in New Castle, in the Lycoming County Mutual Insurance Company, paying a certain sum in cash therefor, and giving their

premium note for $4000. In 1870 and in the spring of 1871 two assessments made upon this note were duly paid by the insured. In October 1871, after the Chicago fire, in which the insurance company lost about $450,000, an assessment of twelve and a half per cent. was made upon the note to meet this loss. This assessment the insured refused to pay, on the ground that, when the application for a policy was made, they had been informed by the agent that the company was a purely mutual one; that it insured property only in Pennsylvania, and never insured large amounts in any one locality or in large cities. The insurance company thereupon entered judgment upon their premium-note, and issued an execution. The defendants in that case (Woodworth, Craig & Co.) then took a rule upon the company to show cause why the judgment should not be opened and the defendants allowed to defend, upon the ground of the above misrepresentations. Upon the hearing of this rule, the court below (McGuffin, P. J.) directed a feigned issue to be formed, to determine whether the insured had been induced, by the misrepresentations of the company's agent, to enter into the contract. An issue was formed, in which the members of the firm of Woodworth, Craig & Co. were made the plaintiffs and the insurance company the defendants. At the trial of this issue, Craig testified in substance that, when the application for a policy was made, he was led by the agent of the company to believe that the company was purely mutual, and issued no stock policies on a cash basis; that it did business only in Pennsylvania, and never took large risks in large cities, and that the insured did not know that these representations were untrue till after the Chicago fire, when they refused to pay the assessment of twelve and a half per cent. It appeared that the insurance company began to take risks outside of this state in November 1869. The defendant in the feigned issue objected to the evidence of the representations of its agent, on the ground that the plaintiffs had not shown his authority to bind the company; but the court overruled the objection. As to this point, it appeared that the agent's duties were defined by a by-law of the company to be these: to make surveys and receive applications for insurance; to examine into the circumstances of any losses under policies issued by the company, and make report thereon to the directors and to transmit all applications, surveys and premiums received to the secretary of the company. In the certificate of his appointment, made as directed by the by-laws, he was merely authorized to act as described, as "agent or surveyor" of the company, and no mention of his powers or duties was made therein. In the policy of insurance it was provided that the policy was made and accepted subject to and in reference to the terms and conditions of the act of incorporation and by-laws of the company, which were to be used and resorted to to explain and ascertain the rights and obligations of the parties not therein otherwise provided for.

[Lycoming Fire Ins. Co. *v.* Woodworth.]

For the company, the agent who received the application testified that the question whether the company took risks outside of the state was not raised during the negotiations with the insured; that he did not tell Craig that the company was purely a mutual one, and that as to taking large risks, he said no more to Craig, at the time, than that the company never insured more than $10,000 in any one block.

These points, among others, were submitted to the court by the insurance company, defendant in the feigned issue:—

1. G. W. Miller, the agent of the defendant company, being only authorized by his appointment as such agent to take surveys, receive applications for insurance, examine the circumstances of a loss and receive assessments, has no power or authority to make representations, by virtue of his said appointment, to bind the defendant company outside the scope of his said authority.

Answer: "The jury having heard his appointment read, and heard his duties defined by his own testimony, they will decide what they were, and whether correctly stated and defined, and if beyond his authority, he could not bind the company in transacting its business with the plaintiffs."

3. Even if the jury believe that Miller made the representations as alleged by the plaintiffs in this issue, to wit, that the Lycoming Fire Insurance Company was purely a mutual insurance company, and did not take risks in large cities or outside of the state of Pennsylvania, and that all the insured gave premium-notes subject to assessment to pay the losses of the company, such representations were unauthorized and beyond the scope of his authority, and cannot bind the company, and are no defence to the recovery of the assessment on plaintiffs' premium-note.

Answer: "This depends upon the facts whether the representations were the moving cause or inducement to the plaintiffs to go into the insurance of their property, and without which they would not have done so, and whether they were material matters of inducement which were true at the time, and material for the plaintiffs to know or not, and if not material they would not bind the company; which facts the jury will determine."

6. A member of a mutual insurance company who has contracted with it as a valid corporation is not in a position to object to the regularity of the incorporation or formation of the company.

Answer: "This point we cannot affirm if you find there was fraud practised upon them in procuring their assent to take the policy."

Verdict for the plaintiffs in the issue; after judgment thereon the insurance company took this writ of error, assigning for error, among other things, the answers to the above points.

D. S. *Morris*, A. B. *Richmond* and D. M. *Kessinger*, for the

[Lycoming Fire Ins. Co. *v.* Woodworth.]

plaintiff in error.—The agent's appointment was in writing and the question of his authority should not have been left to the jury.

The policy referred the insured to the charter and by-laws of the company by which they must have known that the stock premiums went into the common treasury and that stock losses were paid therefrom. As members of a mutual company they were bound to know the rules of the company : Coles *v.* Iowa State Mut. Ins. Co., 18 Iowa 426 ; Mitchell *v.* Lycoming Mut. Ins. Co., 1 P. F. Smith 402. The insured were bound to know that the agent had no right to make the alleged representations : Custar *v.* Tit. Gas & Water Co., 13 P. F. Smith 386.

*D. B. & E. T. Kurtz*, for the defendants in error.—One who seeks to enforce a contract made by his agent is bound by any representations of his agent which induced the other party to enter into the contract, even if the agent had no authority to make them : Mundorf *v.* Wickersham, 13 P. F. Smith 87 ; Elwell *v.* Chamberlain, 1 Tiffany 611 ; Foster *v.* Essex Bank, 17 Mass. 499.

Insurance companies are bound by the acts and declarations of their agents within the scope of their employment, and no limitations on the agents' authority are binding on those with whom they deal, unless brought to the notice of the latter : Ins. Co. *v.* Wilkinson, 13 Wall. 222 ; Johnson *v.* Jones, 4 Barb. 369 ; Woodberry Sav. Bank *v.* Charter Oak Ins. Co., 31 Conn. 518.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

The material questions in this case are raised on the first, third and sixth points of the defendant below (plaintiff in error) and the answers thereto. As to the first point, we are not in a proper position to judge whether the answer is, or is not, strictly correct. The power executed by the company to Miller constitutes him "agent or surveyor," but it does not define his duties or authority. It would appear, from the answer, that Miller was called upon to define his own power, but that part of his testimony is not before us, hence we must take it for granted that the submission was warranted by the evidence. If, however, we were to deal with the paper alone, we must take the word "agent" in its general signification, and as embracing all powers which the company might confer on one whom it selected to represent it. If it be said the word "surveyor" limits and defines "agent," we answer, not any more than the word "agent" limits and defines "surveyor;" in other words, either includes the duties and powers of both ; the agent is surveyor and the surveyor is agent ; one officer is clothed with the powers necessary to fill both offices. In any view of the case the court cannot be convicted of error. The remaining exceptions will be considered together. It is true that one insuring

[Lycoming Fire Ins. Co. v. Woodworth.]

in a company formed on the mutual plan, is bound to inform himself of the rules and regulations of such company : Mitchell v. The Ins. Co., 1 P. F. Smith 402. But it is also true, that, as to those outside of it, such a company occupies no other or better position than one organized on the stock plan. As to one dealing for insurance such a company is bound, as any other, by the representations of its agent in the act of making the contract, for it cannot assume the advantages of his acts and avoid the disadvantages. The maxim " Qui sentit commodum, sentire debet et onus," is said by Justice SHARSWOOD, in Mundorff v. Wickersham, 13 P. F. Smith 87, to embrace a principle which pervades the law in all its branches. It follows that this company could not profit by the fraud of its agent in inducing the plaintiffs to enter into a contract which they would not have entered into had it not been for such fraud, and it does not help the matter that they were thus made members of the company, for such membership arises from, but does not precede, the contract.

What, then, does it matter that the plaintiffs were afterwards bound to know that the agent had no authority to make the representations by which they were induced to sign the contract? It is doubtless true that, after the discovery of the true state of the case, the plaintiffs could not lie by for an unreasonable length of time, and enjoy the security afforded by the policy and then be permitted to set up the fraud of the agent in order to relieve themselves of the assessments ; this would be such a fraud upon the company as would estop them from alleging the invalidity of their contract. But this matter was properly disposed of in the answer to the defendants' fifth point. This case is similar, in every material particular, to that of the Lycoming Ins. Co. v. Bundy, affirmed by this court at October Term 1872, per curiam. The same kind of representations were made, by the agent, to induce the defendant to enter into the contract of insurance as were made in this case, and nearly the same length of time intervened between the date of the policy and the setting up of the false representations to defeat the judgment on the premium note. In that case, as in this, the main point, on which the company relied to defeat the plaintiffs' action, was, that the agent was not authorized to make the representations which induced the execution of the premium note. Indeed, so nearly are the cases alike that to reverse the one would be to overrule the other ; as, however, we are not prepared to adopt such a result, we must affirm this judgment.

Judgment affirmed.