# Hare *v.* Mulligan, Appellant.

*Bailor and bailee — Garagekeeper — Stolen auto — Liability of garagekeeper—Case for jury.*

In an action by a bailor against a bailee, who had a garage in which the plaintiff was allowed to keep his car for the sum of $8 per month, the evidence established that, after having been stored there for a time, plaintiff's car was stolen, but was recovered and

again placed in the garage of the defendant. At that time, the plaintiff testified, he went to the defendant and instructed him not to allow any one to take the car, even on a written order. The car was again stolen.

*Held:* that under such circumstances, the case was for the jury to determine whether or not this specific obligation had been assumed by the defendant. If the defendant entered into a special undertaking, there was a valuable consideration for it, and he was bound to perform. When he rented space in his garage to the plaintiff for his car, and took from him money consideration, he owed some duty to the latter, and the case was for the jury to determine whether or not the reasonable and ordinary care required under the circumstances had been exercised.

Argued October 13, 1921. Appeal, No. 155, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 5267, on verdict for plaintiff in the case of John C. Hare v. Harold B. Mulligan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for value of automobile stolen while in custody of the defendant. Before BREGY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $300 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Albert T. Hanby,* for appellant.—The defendant was responsible only in case his actions were negligent and the loss was the result of his failure to exercise ordinary care: First Nat. Bank of Carlisle v. Graham, 79 Pa. 106, 5 Cyc. 182; Zell v. Dunkle et al., 156 Pa. 353; Crocker-Wheeler Co., Appellant, v. Chester Steel Castings Co., 73 Pa. Superior Ct. 119; 5 Cyc. 187.

*Samuel D. Matlack,* for appellee.—The case was for the jury: Hunter v. Reed's Sons, 12 Pa. Superior Ct. 112; Hoyt v. Clinton Hotel Company, 35 Pa. Superior Ct. 297; McLain v. West Virginia Auto Company, 49 L. R. A., N. S. 561; Pilson v. Tip Top Auto Company, 136 Pac. 642' (Oregon); Hofford v. N. Y. C. & H. R. R. R. Co., 43 Pa. Superior Ct. 303.

OPINION BY HEAD, J., November 21, 1921:

The business in which the defendant was engaged required him to use a considerable number of automobiles. He was owner of a large garage with more storage space for cars than he then required for his own use. He made an agreement with the plaintiff by the terms of which he rented storage space to the latter for the storage of his car for a consideration of eight dollars per month. After having been stored there for a time, the plaintiff's car was stolen but he fortunately got on the track of the thief and recovered his car, which was again placed in the garage of the defendant. At that time, the plaintiff testified he went directly to see the defendant, the owner of the garage, and said to him "don't let anybody have this car, even on a written order" and that Mr. Mulligan replied "all right." The learned trial judge submitted to the jury to find as a question of fact whether or not this specific obligation had been assumed by the defendant. If the latter entered into that special undertaking there was a valuable consideration for it and he would be bound to perform. In all other respects the charge of the court below was more favorable to the defendant than he had any right to expect. When he rented space in his garage to the plaintiff for his car and took from him a money consideration he certainly owed some duty to the latter. Let it be assumed, that as a bailee for hire, his obligation to the owner of the bailed property was but the exercise of reasonable and ordinary care. Nevertheless, under the circumstances in this case, and the defendant's inability to offer any ex-

planation at all for the disappearance of the car, it would be difficult to see how the court could do otherwise than send the case to the jury to determine whether or not such reasonable and ordinary care had been exercised. But after the plaintiff's car had once been stolen from the defendant's garage and then recovered, the jury has found a special undertaking involving the exercise of a greater degree of care was entered into. A fortiori then was it necessary to submit the case to the jury to determine whether or not the defendant had exercised the care which the law itself and his special contract imposed upon him.

It is unnecessary to discuss the second assignment of error for the reason that when it was shown the plaintiff had given precisely the same directions to the defendant himself as he had previously given to the man he found in charge of the garage, the error, if any, in admitting evidence of the conversation with that man, became harmless error.

Examination of the entire record leads us to conclude that it exhibits no reversible error and the judgment should not be disturbed.

Judgment affirmed.