## Vannatta, Appellant, *v.* Tolliver.

*Negligence—Automobile—Garage keeper — Standard of care — Agency.*

Where a night man, employed in a garage, permitted plaintiff's car to be taken out without the knowledge and consent of either the plaintiff or defendant, the latter will be liable for damages for any loss to plaintiff by reason thereof.

The employee was acting in the scope of his employment, and the employer is responsible for his negligence. A garage keeper cannot leave the garage in the hands of a servant, and then say that his negligence, in allowing a car to be taken out, is beyond the scope of his employment.

A person renting space in a garage for the storage of a car is entitled to and expects on the part of the owner of the garage the exercise of reasonable and ordinary care.

Argued October 19, 1923.    Appeal, No. 133, Oct. T., 1923, by plaintiff, from judgment of Municipal Court of Phila. Co., Feb. T., 1921, No. 579, in favor of defendant in case tried by the court without a jury in suit of George G. Vannatta v. William G. Tolliver, Jr.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Assumpsit to recover damages for breach of contract. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant.    Plaintiff appealed.

*Errors assigned* were various findings of fact and the decree of the court.

*Wm. A. Hamilton,* and with him *Francis Chapman,* for appellant.—The defendant having accepted the plaintiff's automobile for storage, owed to him a duty to

exercise reasonable and ordinary care for the safety and protection of the property committed to his charge, and the plaintiff can recover for the negligence of the defendant's employee: Huddy on Automobiles, 245; Hare v. Mulligan, 77 Pa. Superior Ct. 577; McClung v. Dearborne, 134 Pa. 396; Corbet v. Smeraldo, 91 N. J. L. 29, 102 Atl. 889; McLain v. The Automobile Company, 72 West Virginia 738; Morgan Millwork Co. v. Dover Garage Co., 7 Boyce 383, (Del. 1919).

*E. B. Rockwell,* and with him *Harry A. Mackey,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

The plaintiff left his automobile with the defendant, a garage keeper, who agreed, for a consideration, to store and wash it. While the car was in defendant's garage it was taken therefrom without the knowledge or consent of the plaintiff or defendant, but with the consent of the defendant's employee, the night man, who was in charge of the garage. The person who was permitted to take out the car caused it to collide with a truck and the car was damaged. The learned trial judge who exercised both the function of court and jury found in favor of the defendant, assigning as a reason that the night man was not acting within the scope of his employment when he let another person take out the car contrary to the instructions of the master. We are all of the opinion that the conclusion arrived at by the learned court was erroneous. The reading of the testimony discloses that the night man was in charge of the garage and "his duties were to take particular care of the garage, wash the cars and store the cars." (Defendant's testimony.) It is very evident from this that the owner during his absence delegated to his servant the duties which he owed to those who patronized his garage. No one would hold if the owner had allowed this car to be taken out of the garage that he would not be responsible; what he did

through his servant he was as much responsible for as if he had done it himself.

This court had occasion to say in Hare v. Mulligan, 77 Pa. Superior Ct. 577, that a person renting space in a garage for the storage of a car is entitled to and expects on the part of the owner of the garage the exercise of reasonable and ordinary care. Starting with the premise that the defendant was bound to exercise reasonable and ordinary care, when he transferred this duty to his servant, he continued to be responsible for its proper exercise. A man cannot at the same time receive money which is to pay him for the performance of a duty and by shifting the responsibility to his servant, relieve himself from liability for a violation of the contract of bailment and the duties attending it. "The only ground upon which a master can avoid liability for unauthorized and willful acts of a servant is that they are not done in the course of the servant's employment. When they are so done, the master is responsible for them. When not so done, yet if they directly cause a failure to perform a duty incumbent upon the master, he is responsible on that ground. Where the servant by his wrongful act deprives the plaintiff of the benefit of some act which it was the duty of the master to perform and performance of which is, in whole or in part, delegated to that servant, the master is responsible for the servant's act, no matter how willful, malicious and unauthorized it may be," Sherman & Redfield Law of Negligence, Section 150, 154, 6th ed.

In McLain v. The Automobile Company, 72 West Virginia 738, the garage man's servant, in charge of the garage at night permitted a person, without authority from the plaintiff, to take the car on a joy-ride, and it was wrecked. The court held the garage keeper liable for ordinary and reasonable care, and said that it was not ordinary or reasonable care for the garage keeper to allow the automobile to be taken by a third party without owner's consent. The court in that case said: "The

garage keeper cannot leave the garage solely in the hands of a servant and then say that his negligence in letting a car out is beyond the scope of his employment. That would leave the garage without anyone to protect cars; in itself it would be want of reasonable care." To the same effect are Corbet v. Smeraldo, 91 N. J. L. 29, 102 Atl. 889; Morgan Millwork Co. v. Dover Garage Co., 7 Boyce 383, Del. 108 Atl. 62. The liability of a garage keeper for hire is not affected by reason of the knowledge of the owner as to the place the property is kept. Its acceptance by the garage man imposes on him the duty of exercising due care for its safety and protection. Huddy on Automobiles, 5th ed. 202; Stevens v. Steward Warren Speedometer Corp., 223 Mass. 44, 111 N. E. 771.

The lower court based its conclusions upon the case of Fireman's Fund Insurance Company v. Schreiber, 150 Wisconsin 42, in which case the court held the garage owner not liable when an employee who came on duty about 6 o'clock P. M. and stayed as long as necessary to wash and polish the automobiles took a car that was left in the charge of the garage owner and caused damage to the machine. Although the distinction may not be important, it may be observed that the employee in the above case was a washer of cars and was not charged with the custody of them, whilst in the present case, the night man was in complete charge of the entire garage. It will also be noted that the decision upon which the court relied was by a divided court, three of the seven judges joining in the dissenting opinion, and the case has not been followed. See comment on the case in Corbet v. Smeraldo, 91 N. J. L. 29, 102 Atl. 859.

The judgment of the lower court is reversed, the record is remitted with instructions that judgment be entered for the plaintiff for $596.36 with interest from the proper date.