## Underberg *v.* Stewart, Appellant.

*Automobile—Garages—Responsibility of garage keeper—Negligence —Damages.*

In an action to recover damages for injuries to an automobile, while in the custody of a garage keeper, the evidence established that the owner had left his machine at the garage with explicit instructions that no one should be allowed to touch or even wash it. Notwithstanding these instructions, an employee of the garage keeper took out the machine and, driving it, collided with the steel pillar of an elevated street railway, completely demolishing the car.

Under such circumstances the garage keeper was guilty of negligence and a verdict for the plaintiff will be sustained.

A garage keeper, who rents space in his garage, is bound to exercise reasonable and ordinary care in keeping the car that is committed to his charge. It is not the exercise of ordinary or reasonable care to permit the automobile to be taken out at night, without authority from the owner.

Where the car is almost completely demolished as the result of an accident, it is not error to allow recovery for the difference in the value of the machine before and after the accident.

Argued March 12, 1925. Appeal No. 300, October T., 1924, by defendants from judgment of Municipal Court, Philadelphia County, January T., 1923, No. 829, in the case of J. J. Underberg v. James F. Stewart, Trading as Stewart Automobile Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for injuries to automobile. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of Fifteen hundred dollars and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Joseph D. Morelli,* and with him *Yale L. Schekter,* for appellant.—The defendant cannot be held liable for the wilful, criminal act of his employee:   Christian v. P. R. T. Co., 244 Pa. 391; Lowry v. Singer Co., 62 Pa. Superior Court 364; First National Bank v. Graham, 79 Pa. 106; Crocker W. Co. v. Chester Steel C. Co., 73 Pa. Superior Court 119; Zell v. Dunkle, 156 Pa. 353.

It was error to allow recovery for the difference between the value of the automobile before and after the accident:   Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Court 631; Erie City Iron Works v. Barber, 102 Pa. 156; Price v. Newell, 53 Pa. Superior Court 628; Stanfield v. Phillips, 78 Pa. 73.

*David S. Malis,* for appellee.—A garage keeper is bound to exercise reasonable and ordinary care in keeping a car that is committed to his charge:   Hare v. Mulligan, 77 Pa. Superior Court 578.

Opinion by Trexler, J., July 9, 1925:

The defendant was a garage keeper and had the plaintiff's car in his charge.   An employee of the defendant took the automobile from the garage and in driving it collided with a steel pillar of an elevated street railway and the car was ruined.   The jury has settled the question that the plaintiff at no time had authorized any employee of the garage keeper to take out his car; in fact the testimony was to the effect that he had given explicit directions that no one should be

allowed to touch the car, not even to wash it. We have already stated in Hare v. Mulligan, 77 Pa. Superior Ct. 577, that when a garage keeper rents space in his garage to one for his car, he is bound to exercise reasonable and ordinary care in keeping the car that is committed to his charge and in Vannatta v. Tolliver, 82 Pa. Superior Ct. 546, we held that it was not the exercise of ordinary or reasonable care for the garage keeper to allow the automobile to be taken out at night without authority from the owner. In the present case the garage was left in the hands of the caretaker who had charge of the garage in the absence of the owner and his negligence in allowing the car to be taken out must be imputed to the owner as if it were the owner's own act. "A man cannot at the same time receive money which is to pay him for the performance of a duty and by shifting the responsibility to his servant, relieve himself from liability for a violation of the contract of bailment and the duties attending it": Vannatta v. Tolliver, supra. The facts in this case are very similar to those in the above case.

It is urged by the appellant that it was error to allow recovery for the difference in the value of the auto before and after the accident; that the injury to the property was not total destruction and that the cost of repair was the measure of damages. See Bauer v. Armour & Co., 84 Pa. Superior Ct. 174. The testimony, which was received without objection, was to the effect that the purchase price of the car was $2,395—with extra equipment $2,545—and it had run but two hundred miles and that it was as good as new. After the accident it was a total wreck. An expert called, stated, without objection, that the car was worth $750 toward a purchase of the same make of car and that was the highest value that could be attached to it under any circumstances. The difference in this value the plaintiff claimed as fixing his damages. We have carefully

read the testimony in the case and we find no place where the theory of the plaintiff that he was entitled to the damages fixed on the basis of the value of the car before and after the accident was controverted. It seems to have been assumed that the car could not be restored to its former condition. This was the theory on which it was presented to the trial judge and jury and we are not disposed to adopt any new theory advanced by the defendant now: Price v. Newell, 53 Pa. Superior Ct. 628. We may add that the plaintiff showed a loss of $1,795 but the jury gave $295 less, evidently allowing that sum for the slight use the plaintiff had made of the car prior to the injury.

The only other matter for our attention is the exclusion of the testimony showing what the corporation who bought the old car received for it on a resale. We can see no relevancy as to that. What the plaintiff received upon a resale might be evidence against him, but what his vendee received for the car a month later is not competent. Nor was the question framed in such a way as to confine the inquiry to the condition the car was in after the accident.

The assignments of error are overruled and the judgment is affirmed.