Gordon et al. *v.* Gershman, Appellant.

44

Argued October 19, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*M. E. Maurer,* and with him *Edward Davis* and *Hirschwald, Goff & Davis,* for appellant, cited: Zell v. Dunkle, 156 Pa. 353; Logan v. Matthews, 6 Pa. 417; Duffy's Garage v. Sweeley, 66 Pa. Superior Ct. 583; Crocker-Wheeler Company v. Chester Steel Castings Company, 73 Pa. Superior Ct. 119; Crowley v. Snellenberg, 89 Pa. Superior Ct. 263.

*W. T. Campbell,* of *Swartz & Campbell,* and with him Langdon W. Harris, Jr., for appellee.

OPINION BY LINN, J., December 13, 1928:

This appeal was submitted without oral argument. The verdict establishes that defendant garage-keeper

wrongfully permitted plaintiffs' car to be taken out at night by some unauthorized person who damaged it in an amount not disputed by the evidence. The repective contentions were adequately submitted to the jury. In affirming we need only paraphrase briefly what was said below in refusing defendant's motions for judgment n. o. v. and for a new trial.

Plaintiffs paid defendant for caring for the car; his duty therefore was to take such care of it as was ordinarily required in the circumstances; the evidence was that defendant's night man saw the car being taken out by a person who, as he thought, was one of plaintiffs; in identifying the person, the jury found the night man was mistaken and that the taking was without plaintiffs' authority. The car was abandoned, badly damaged; of course liability resulted: Underberg v. Stewart, 86 Pa. Superior Ct. 106, and cases there cited.

On this record the question concerning the ownership registration of the car is immaterial: Potamkin v. Express Co., 63 Pa. Superior Ct. 222; here the contract was with the three plaintiffs and the defendant. The fifth assignment does not merit discussion.

Judgment affirmed.