## Commonwealth *v.* Zervas, Appellant.

Argued January 5, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Charles J. Margiotti,* with him *Philip K. Shaner,* for appellants.—The court's remark was prejudicial to defendant's case: Com. v. Stallone, 281 Pa. 41; Com. v. Myma, 278 Pa. 505.

Declaration of deceased indicated fear of death at hands of third person.

The test whether a fact inquired of in cross-examination is collateral is, whether the cross-examining party would be entitled to prove it as part of his case: Hildeburn v. Curran, 65 Pa. 59; Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Bell, 88 Pa. Superior Ct. 216; Com. v. Williams, 41 Pa. Superior Ct. 326; Launikitas v. Traction Co., 241 Pa. 458.

*Fred B. Trescher,* Special Assistant District Attorney, with him *Victor Bouton,* District Attorney, and *Marquis Smith,* Assistant District Attorney, for appellee, cited: As to remarks of court: Com. v. Stallone, 281 Pa. 41; Com. v. Myma, 278 Pa. 505 .

As to cross-examination to show interest: Sullivan v. R. R., 175 Pa. 365; Quigley v. Thompson, 211 Pa. 107; Littieri v. Freda, 241 Pa. 28.

As to declarations of deceased, indicating fear of death at hands of third person: Com. v. Schmous, 162 Pa. 326.

As to contradiction of collateral matters: Com. v. Werntz, 161 Pa. 591.

An inference raised by the testimony may be rebutted: Gallaher v. Collins, 7 Watts 552; Com. v. Werntz, 161 Pa. 591, 598.

OPINION BY MR. JUSTICE WALLING, January 26, 1931:

In September, 1929, the defendant, Mike Zervas, was convicted of first degree murder, with recommendation of life imprisonment, for the killing of Spiros Fillas (also called Sam Fillas), on October 4, 1928. From

sentence imposed thereon, the defendant brings this appeal, setting forth certain trial errors; none of which can be sustained.

The Commonwealth's evidence in this case was circumstantial, as no one was brought forward who saw the crime committed. The parties resided in New Kensington and, as a motive, it was shown that the deceased was a witness against the defendant in a case pending in the federal court. Also evidence tended to show that the latter had sought to induce the former to leave and had made threats against him if he did not. Late on the evening of October 4th, the deceased was seen to drive from New Kensington in his Nash car accompanied, as Commonwealth witnesses declared, by the defendant. The next morning the body of the deceased, with mortal wounds upon it, was found in his car by the side of the road, near Vandergrift, in Westmoreland County. There was also evidence that the defendant was seen that night about midnight beside this car where the body was found. There was also the alleged flight of the defendant and additional circumstances tending to connect him and others with the crime, not material to the questions raised on this appeal.

During the trial, the defendant's counsel strenuously objected to an adverse ruling of the trial judge, who remarked, "If you were on the other side of the case you would think it was all right." Because of which the defendant asked that a juror be withdrawn and the case continued. The trial judge properly refused the request, but did, in effect, tell the jury to pay no attention to the remark. This was more than the occasion required, for the remark was harmless and far short of cause for the mistrial of a homicide case. The facts were entirely different in the cases called to our attention by defendant's counsel.

As a witness in his own behalf, the defendant denied that he was in the car with the deceased that night and stated that he went to Pittsburgh and took the eleven

o'clock train for New York. To corroborate this he called Christ Avaliogis, who testified that he saw the deceased get in his car late that evening and drive away alone and that the defendant was not with him. This was very important testimony and directly in conflict with that for the Commonwealth. Whether the defendant entered the car of the deceased and drove away with him late on the night of the homicide was one of the vital questions in the case. It was therefore competent, as affecting his credibility, to ask this witness in cross-examination, if he had not stated to the deceased's brother the morning after the occurrence that he saw the defendant get in the car in question late that evening at a designated point in New Kensington and go away with the deceased. As the witness denied he had so stated, it was equally competent for the brother, in rebuttal, to testify that he had. It was not a collateral but an entirely relevant matter, one about which the Commonwealth not only could have, but had offered testimony. The previous statement of a witness in conflict with his testimony as to a relevant matter may always be shown as affecting his credibility: Peterman v. Enggasser, 280 Pa. 528; Com. v. Werntz, 161 Pa. 591; Com. v. Craig, 19 Pa. Superior Ct. 81. A matter which the party would be entitled to prove as part of his case is not collateral: Hildeburn et al. v. Curran, 65 Pa. 59, 63. The question asked the witness Avaliogis, however, was: "Q. Didn't you tell him [the decedent's brother] that his brother left with Mike Zervas and it was Mike Zervas that had killed his brother. A. No, sir." There was no objection to the above question, or any part of it, or to the answer. Later, the brother, called in rebuttal, testified without objection that the witness had so stated to him. Then the defense moved to strike out this rebuttal testimony. The reason given therefor is not stated with entire clearness, but the statement of questions involved complains only that it was a collateral matter as to which the witness could not be con-

tradicted. It was entirely competent to discredit the witness, as above stated, by proof that he had made statements inconsistent with his testimony as to how the parties in question left New Kensington on the night of the homicide; but the statement, if made, as to who killed the deceased was incompetent, being a mere expression of the opinion of the witness that one killed the other apparently because he saw them go away together. Had it been objected to on this ground it would properly have been excluded or stricken out on timely application. The contention, however, that the Commonwealth was bound by the answer because it was a collateral matter cannot be sustained, and the statement of questions involved is confined to that. Furthermore, it is not clear whether the motion was to strike out the entire question and answer or only so much as related to the alleged expression of the opinion of the defendant's witness. If the former, it was bad. The motion to strike out should be directed explicitly to the part which was incompetent: Com. v. Razmus, 210 Pa. 609. See also Steel et al. v. Snyder et ux., 295 Pa. 120; Hamilton v. P., B. & L. E. R. R. Co., 194 Pa. 1; 16 C. J. 639, 640, paragraph 1269.

The testimony of Mrs. Ida Conwell, at whose home the deceased lived, that he had an appointment at her home that evening, whether competent or not, did the defendant no possible harm.

No reason was stated by defendant's counsel for desiring to cross-examine Officer Onko as to how long defendant was detained at the barracks, hence the exclusion thereof was not error. At most, the allowance of such cross-examination was a matter in the discretion of the trial judge: Littieri v. Freda, 241 Pa. 21.

The deceased was not a party of record in this case, and alleged statements made by him shortly before the homicide to the effect that he feared some one from Ohio was going to kill him was properly excluded, in the absence of any circumstances tending to connect such

party with his death.  See Com. v. Winter, 289 Pa. 284; Com. v. Bednorciki, 264 Pa. 124.  The record discloses nothing indicating an abuse of discretion in refusing the motion for a new trial, and the sentence properly followed its refusal.

The judgment is affirmed and the record is ordered remitted that the sentence may be carried out.