Smith *v.* Cohen, Appellant.

396

Argued October 30, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Jacob Weinstein,* and with him *Max Aron,* for appellant.

*Maurice W. Sporkin,* and with him *Edward Rosenberg,* for appellee.

Opinion by Baldrige, J., February 1, 1935:

The plaintiff brought this action in trespass to recover for the loss of his Chevrolet automobile which had been stored with defendant in a public garage located in Philadelphia, under an agreement that he was to pay fifty cents per night. The garage was 66 feet wide and 200 feet long, with a front entrance on 5th Street and a back entrance on Lawrence Street. At night the front entrance was open but the rear one locked. The plaintiff's car was stolen from the garage

on October 22, 1932, about 4:45 A. M., when there was one attendant, Leroy Hadley, in charge. The plaintiff was notified shortly after the theft. He testified that upon visiting the garage he asked Hadley where he was at the time the car was stolen and he replied he "went out for a few minutes." Detective Bosch testified that Hadley told him he had delivered a car to a Samuel Alberts on 15th Street, which took him five or six minutes, and as he was about to enter the garage on his return the plaintiff's car shot out of the garage, nearly knocking him down. At the trial Hadley denied that he had been away from the garage, stating that when he was in the office, located in the front of the garage, he heard a motor, and, running out, he threw up his hands in an attempt to stop the car, and was almost run over.

Judge GABLE, sitting without a jury, found for the plaintiff.

The plaintiff's having stored his car for a consideration with the garage owner, the latter became a bailee (Baione v. Heavey, 103 Pa. Superior Ct. 529, 158 A. 181), and, as such, it was his duty to exercise reasonable and ordinary care for the safety of the plaintiff's car. Whether he performed that duty was a question of fact for the trial judge: Vannatta v. Tolliver, 82 Pa. Superior Ct. 546; Underberg v. Stewart, 86 Pa. Superior Ct. 106; Gordon et. al. v. Gershman, 95 Pa. Superior Ct. 43.

The appellant argues that the proximate cause of the plaintiff's loss was not the alleged negligence of the defendant; that the felonious taking of the car was an independent and illegal act committed by an unknown person; that defendant's explanation as to what had become of the car was consistent with the duty he undertook to perform, citing Zell v. Dunkle et. al., 156 Pa. 353, 27 A. 38; Nirdlinger v. Am. Dist. Tel. Co., 245 Pa. 453, 91 A. 883. Neither of these cases

involves the bailment of property, and they, as well as the other cases cited by the appellant, are so dissimilar in their facts as to make them inapplicable.

If an intervening act which ought to have been foreseen, contributes to the original negligence, the original wrongdoer will not be excused; his negligence remains the direct cause of the loss. This principle is recognized in 45 C. J. page 936, where it is said: "But where an independent illegal act was of a nature which might have been anticipated, and which it was the defendant's duty to provide against, he will be liable for a breach of such duty." In discussing the doctrine of proximate cause, it is said in 78 A. L. R. page 480: " . . . . . . if, at the time of the original negligence, the criminal act could have been foreseen, the causal chain is not broken by the intervening criminal act."

In Filson v. Pacific Express Co. (Kan.), 114 Pac. 863, a package left in a railroad depot was stolen. The question involved was whether the proximate cause of the loss of the property in defendant's custody was the failure of the bailee to use reasonable care or the burglary. The verdict for plaintiff was sustained on the ground that the loss by burglary might have been foreseen and that the proximate cause of the loss was the breach of duty by defendant in failing to exercise due care.

It seems clear that it was for the trial judge to determine if the night employee left the building temporarily, or if the defendant otherwise failed to use proper care in protecting the car, and if so, whether the plaintiff's loss was the natural and probable consequence of the negligence of the defendant or his employee. If the latter was negligent, the defendant was liable: Vannatta v. Tolliver, supra.

We find no error in receiving in evidence a written statement taken before the trial, which was admittedly signed by Hadley and witnessed by the defendant,

wherein it was set forth that Hadley had left the garage to deliver a car. This statement was offered after Hadley had testified that he was not away from the garage: Com. v. Zervas, 302 Pa. 510, 515, 153 A. 767. Furthermore, as above stated, there was the testimony of the detective and the plaintiff that Hadley said he was not in the garage when the car was stolen.

Nor do we think that the testimony of the other garage owners that it was the general custom to allow the garage doors to remain open, except in severe weather, prevented the trial judge from finding the defendant guilty of negligence in this case.

Judgment is affirmed.