## Jackson, Appellant, *v.* Fort Pitt Hotel, Inc.

272

Argued November 17, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*Wallace E. Edgecombe,* with him *John H. Sorg,* for appellant.

*J. F. Weis,* with him *Sheriff, Lindsay, Weis & Mc-Ginnis,* for appellee.

OPINION BY ARNOLD, J., March 8, 1948:

Plaintiff sued in trespass to recover damages to his motor vehicle, which he had placed in a public parking lot owned and operated by the defendant. For the parking privilege he had paid the required consideration, and had received the customary receipt of the defendant. On facts stipulated the court entered judgment for the defendant and plaintiff appealed.

The plaintiff's damages were brought about by a person not employed by the defendant, who without authority took the automobile out of the lot, used it as his own, and had a collision, causing damages which were stipulated to be $1150.

If the defendant became a bailee for hire under a valid contract, it was bound to exercise all reasonable and ordinary care to prevent injury to the subject matter. A bailee cannot, by transferring this duty to a servant or agent, relieve itself from responsibility for its proper exercise. The bailee cannot receive money for the performance of a duty, and at the same time shift the responsibility to a servant, and thus be relieved from liability for the violation of the very duties attending the bailment: *Vannatta v. Tolliver*, 82 Pa. Superior Ct. 546, 548. "There is no such broad rule of law as that a master is not liable for the unauthorized, willful, and wrongful acts of his servants. Though such a doctrine has often been propounded in judicial opinions, it is now so thoroughly overruled as to need no further notice. The only ground upon which a master can avoid liability for unauthorized and willful acts of a servant is that they are not done within the scope of the servant's employment. When they are so done, the master is responsible for them. *When not so done, yet if they directly cause a failure to perform a duty incumbent upon the master, he is responsible on that ground.* In other cases he is not responsible at all . . ." (Emphasis supplied) : Shearman and Redfield on Negligence, §158, page 372. If the defendant was under an absolute duty as to the bailed car, it makes no difference whether the defendant's own servant wrongfully took the car and injured it, or whether the defendant failed properly to guard against a third party doing so. The bailee's liability is predicated, not on the doctrine of respondeat superior, but upon an absolute duty to use ordinary care to prevent the car being taken: *Smith v. Cohen*, 116

Pa. Superior Ct. 395, 176 A. 869; *Carlton v. Sley System Garages,* 143 Pa. Superior Ct. 127, 17 A. 2d 748.

Therefore the question is whether, under the peculiar facts, there was a valid contract of bailment between defendant and plaintiff. Defendant employed one Summerson as the attendant of the parking lot, and his hours were from 8:00 A.M. to 12:00 midnight. Insofar as the *making of contracts of bailment* Summerson's duties were purely ministerial: to accept the automobile and the parking fee, and to deliver defendant's receipt to the bailor. Summerson left the parking lot about 7:00 P.M. on his own affairs, without the knowledge of the defendant, and made an arrangement with one Yermoska to take over his duties until midnight. It was stipulated that "Summerson had no authority to hire anyone or substitute someone else for himself. He had no permission to leave the parking lot on his own business. Yermoska had never been in defendant's employ." Plaintiff drove his car onto the parking lot and Yermoska received it and the fee, and delivered defendant's receipt. Yermoska performed exactly the ministerial duties which were the subject of Summerson's employment, and which the latter would have performed, again in exactly the same way, if he had been present. Insofar as concerned the *making of a contract of bailment* there were no discretionary acts to be performed by Summerson, defendant's admitted agent.

It would create an intolerable situation if, in order to be safe, a customer desiring to accept the invitation of a parking lot owner, a warehouseman, a storekeeper, or a ticket seller, would be required to determine that the person with whom he deals on the business premises involved, is acting under the authority of the owner. But the law is not impotent. Summerson had full authority to conduct *all* the defendant's business at the parking lot, i. e., the acceptance of bailments, and was therefore a general agent put in the owner's place to transact all his business *of a particular kind: The*

*Loudon Savings Fund Society v. The Hagerstown Savings Bank*, 36 Pa. 498; *Lycoming Fire Insurance Company v. Woodworth et al.*, 83 Pa. 223; *Anderson v. National Surety Company*, 196 Pa. 288, 46 A. 306. Cf. *Harris v. Meyers et al.*, 160 Pa. Superior Ct. 607, 52 A. 2d 375.

In addition, an ordinary agent can delegate his *ministerial* powers, and therefore Summerson could delegate the making of this bailment contract, for the only things to be done were to receive the automobile and the fee, and to issue the receipt. "The performance of ministerial or mechanical acts may be delegated and will be regarded as the act of the agent and binding on the principal . . .": 2 C.J.S., Agency, §136 (2), page 1360; 2 Am. Jur., Agency, §199. Cf. Restatement, Agency, §78. Any discretionary duties which Summerson had to perform only arose *after* the making of the bailment contract, such as guarding or taking care of the vehicles and properly placing them.

In such cases as *Corbin et al. v. George et al.*, 308 Pa. 201, 162 A. 459, *Tusko et ux. v. Lynett et al.*, 326 Pa. 449, 192 A. 410, and *Jacamino v. Harrison Motor Freight Company*, 135 Pa. Superior Ct. 356, 5 A. 2d 393, the defendant owed no duty to the plaintiff, and this distinguishes them from the instant case. If Yermoska had sued the defendant in assumpsit or in tort, the doctrine of the above cases would apply, because the defendant had no privity of contract with Yermoska, nor did it owe him any duty.

Inasmuch as it makes no difference here how the bailed automobile happened to be removed from the premises, it follows that since there was a valid contract of bailment, the defendant is liable. This leaves no room for the contention that the defendant was excused because the removal and damage of the vehicle was by Yermoska, who was placed in attendance by Summerson without defendant's authorization; for if Summerson had stayed on the job and had allowed Yermoska to take

the vehicle, the liability would exist. The defendant, and not the plaintiff, had. and exercised the power of the selection of the lot attendant. That the person selected was unworthy is the fault of the defendant and not of the plaintiff.

The judgment of the court below is reversed and judgment is here entered for the plaintiff in the sum of $1150, with interest thereon from January 16, 1944.