## Commonwealth *v.* McManiman, Appellant.

*Appeals—Assignments of error—Portions of charge—Trial.*

Part of a charge, which, taken by itself could be considered objection-able, may not be so considered when taken in connection with other portions of the charge.  The trial court will be reviewed on the general effect of the charge and not upon sentences or paragraphs disconnected from the context which qualifies and explains them.

*Criminal law—Evidence—Conduct at time of arrest.*

Evidence of the conduct of one accused of a crime at the time of his arrest is competent to show consciousness of guilt.  Resistance to arrest is evidence of fear of punishment, and if the resistance be violent, may be evidence of malice.  The presumption is that one who is wrongfully accused will rely on his consciousness of innocence, while a guilty man will resort to violence in order that he may escape dreaded punishment.  Such evidence is not sufficient of itself to warrant a conviction, but may have weight in connection with the other evidence in the case.

An instruction that if the jurors believed the defendant resisted arrest after he was informed that the officers had a warrant for him and attempted to shoot the officers, and after his arrest expressed regret that he had not succeeded in so doing, they would be justified in finding him of a bold and lawless disposition, does not amount to a charge that they might convict the defendant because of this resistance, nor that it was evidence that he had a tendency to commit crimes of the character of that for which he was indicted.

*Criminal law—Evidence—Rebuttal—Accomplice—Robbery.*

Where on the trial of an indictment for robbery the prisoner denies that he had ever been in the company of an accomplice in the robbery until four days after the robbery, it may be shown in rebuttal that the prisoner and the accomplice were on intimate terms, and that they were together a short time before the crime was committed.

*Appeals—Assignments of error—New trial—Refusal of new trial.*

Except in clear cases of abuse of discretion refusal of the court to grant a new trial is not assignable for error.

Argued Oct. 10, 1904.    Appeal, No. 27, Jan. T., 1905, by defendant, from judgment of O. & T. Luzerne Co., March T., 1904, No. 359, on verdict of guilty in case of Commonwealth v. Patrick McManiman.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for robbery.    Before WHEATON, J.

When Peter Bartikowskie was on the stand the following offer was made :

District Attorney : We propose to prove by the witness on the stand that on Saturday evening, March 12, in the neighborhood of half past eight, he met Dominick Dombrosky, Steve Bradley, John Riley and Patrick McManiman near the stone bridge, between Ashley and Sugar Notch. This is offered for the purpose of contradicting McManiman—first, as to the fact that he was not at that point, and, second, as to the fact that he was not with Dombrosky and Bradley on any other occasion than on March 17.

Defendant's counsel : This is objected to as being irrelevant and immaterial. The question asked McManiman as to where he was Saturday night was asked for the purpose of testing his recollection. The fact that he said he was not at a certain place cannot be rebutted by testimony that he was at a certain place and with certain people. It is also objected to as irrelevant and immaterial.

The Court : The defendant in this case having testified in effect that never before March 17, had he ever been with Dombrosky and Bradley, and that he was not in the company of Dombrosky and Bradley, or in the habit of associating with them at all, the offer being to place him before that day, to wit : on March 12, with Dombrosky and Bradley, it tends to contradict his testimony, on the part of the defendant, and upon that ground it will be received. Objection is overruled, exception noted for defendant and bill sealed. [2]

The court charged in part as follows :

[The testimony of the officers as to what the defendant did and said at the time of his arrest is of importance only in connection with the testimony of defendant's witnesses upon the same point, as enabling you to determine whether from such acts or expressions you shall or shall not find indications of a turbulent or lawless disposition, which would or would not be, as you shall find the facts, an indication that the defendant was bold enough and desperate enough to commit the crime charged. And it may also be of value, taken in connection with the testimony of defendant's witnesses on the same point, as showing the possession by defendant at the time, of a revolver, and the circumstances of such possession. That is to say, if you shall believe the testimony of the officers, that Patrick

McManiman resisted arrest after he knew that they were officers of the law and had a warrant for him, and tried to load his revolver, accompanying his action with a threat to shoot, and afterwards expressed regret that he had not succeeded in the execution of that threat, you might be justified in finding him of a bold and lawless disposition and the possessor of a revolver which he stood ready to use against the law.] [1]

Verdict of guilty as indicted, on which judgment of sentence was passed.

The court refused to permit the defendant to file as additional reasons for a new trial, the following affidavit:

James L. Lenahan, being sworn according to law, says that he is one of the attorneys for McManiman in above stated case.

That when Dombrosky, the accomplice, was called for sentence in above case, he stated to the court, in response to the court's question: "Have you anything to say before sentence is passed?" that chief Jones, the prosecutor in above case, told him that he would get out of it (meaning the robbery) if he would bring Paddy (meaning said McManiman) into it.

*Errors assigned* were (1) above instructions, quoting them; (2) rulings on evidence, quoting the bill of exceptions; (4) refusal to permit the filing of the additional reasons for a new trial.

*James L. Lenahan,* with him *Evan C. Jones* and *Charles B. Lenahan,* for appellant.—We contend that Peter Bartikowskie's testimony could not have been accepted in chief. Therefore, we submit it was error to admit it in rebuttal: Hildeburn v. Curran, 65 Pa. 59; People v. Zimmerman, 4 N. Y. Criminal Rep. 272.

We respectfully submit that part of the court's charge was incorrect and misleading, placing the prisoner in a light to the jury that the law never contemplated.

If newly discovered evidence proves a distinct and material fact, then, though it have the additional effect of impeaching the testimony of the adverse party, it may be laid as ground for a new trial: Commonwealth v. Yot Sing et al., 7 Kulp. 349.

*B. R. Jones,* for appellee.—The acts and conduct of a party

at or about the time when he is charged to have committed a crime are always received as evidence of a guilty mind: Greenfield v. People, 85 N. Y. 75.

A portion of a charge which if taken by itself might be exceptional may be deemed free of error because of the context: Com. v. Johnson, 133 Pa. 293 ; Com. v. Winkelman, 12 Pa. Superior Ct. 497 ; Alexander v. Com., 106 Pa. 1.

The test whether a fact inquired of in cross-examination is collateral is, would the cross-examining party be entitled to prove it as part of his case: Hildeburn et al. v. Curran, 65 Pa. 59.

OPINION BY HENDERSON, J., March 14, 1905 :

The first assignment of error relates to the charge of the court; the second and third to the admission of testimony; the fourth to the refusal of the court to permit additional reasons for a new trial to be filed after a motion for a new trial had been disposed of.

In considering the portion of the charge complained of, the language of the court should be interpreted in the light of the whole charge.   Part of a charge, which, taken by itself could be considered objectionable, may not be so considered when taken in connection with other portions of the charge.   " The court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context which qualifies and explains them : " Com. v. Winkelman, 12 Pa. Superior Ct. 497.   Evidence of the conduct of one accused of a crime at the time of his arrest is competent to show consciousness of guilt.   Resistance to arrest is evidence of fear of punishment, and if the resistance be violent, may be evidence of malice.   The presumption is that one who is wrongfully accused will rely on his consciousness of innocence, while a guilty man will resort to violence in order that he may escape dreaded punishment.   Such evidence is not sufficient of itself to warrant a conviction, but may have weight in connection with the other evidence in the case.   The evidence to which the trial judge refers was not offered nor admitted to show a tendency of the defendant to commit crime, nor do we understand the charge of the learned judge to so consider it. While that part of the charge which is complained of does not

state in as clear terms as might have been adopted the grounds upon which the evidence was competent, we think it does not mislead the jury from its relevancy. It is less prejudicial to the defendant than if the attention of the jury had been called in clear language to the logical grounds upon which such evidence is held to be competent. The instruction that if the jurors believed the defendant resisted arrest after he was informed that the officers had a warrant for him and attempted to shoot the officers, and after his arrest expressed regret that he had not succeeded in so doing they would be justified in finding him of a bold and lawless disposition, does not amount to a charge that they might convict the defendant because of this resistance, nor that it was evidence that he had a tendency to commit crimes of the character of that for which he was indicted. If the jury found the facts as assumed, they would doubtless, without any advice from the court, conclude that the defendant has a lawless disposition, for that condition of mind is necessarily involved in the willful obstruction of an officer in serving a warrant for felony. The reference to the possession of a revolver by the defendant was not unwarranted, as a part of the commonwealth's case was that the defendant had a revolver in his possession at the time the robbery was committed. We do not discover that the charge permits the jury to convict the defendant under the indictment because of his conduct at the time of his arrest or because he had a tendency to rob. Taking the whole charge into consideration, the case was fairly presented, and the defendant has no substantial grounds for complaint.

The defendant denied that he had ever been in Dombrosky's company until March 17, four days after the robbery; and the inference from his testimony was that Dombrosky was a comparative stranger. It might well be argued from this evidence that it was highly improbable that the defendant would conspire with a stranger to commit the offense charged. It was competent in rebuttal to show that the defendant and Dombrosky were on intimate terms, and that they were together a short time before the crime was committed.

The court had entertained, considered and refused an application for a new trial. Afterwards the defendant's counsel asked leave to file an additional reason for a new trial. This

the court refused. In this there was no error. It would not have been the duty of the court to grant a new trial if the reason assigned had been presented while the rule for a new trial was pending; much less was the court required to entertain it after the rule had been discharged. "Excepting in clear cases of abuse of discretion, refusal of the court to grant a new trial is not assignable for error:" Shanahan v. Insurance Company, 6 Pa. Superior Ct. 65; DeGrote v. DeGrote, 175 Pa. 50.

We do not find any error in the record which calls for reversal of the judgment. The appeal is therefore dismissed, the judgment affirmed and the record remitted to the end that the sentence be executed.