Commonwealth *v.* Hadok, Appellant.

Argued September 25, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Warren H. Van Kirk,* with him *Francis L. McFarren,* for appellant.

*Earle R. Jackson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY MR. JUSTICE DREW, November 27, 1933:

On December 6, 1930, in the course of a robbery of the Allegheny Valley Trust Company, at Verona, Pa., Charles McFarland, the assistant treasurer, was shot and killed. A little more than a year later, on January 23, 1932, the defendant and one Mike Mamulo were arrested at Rankin, Pa., as suspicious persons. After having been positively identified by three men as the man whom they had seen fleeing from the scene of this crime, defendant was indicted and placed on trial for the murder of McFarland. The jury found him guilty of murder of the first degree, and fixed the penalty at life imprisonment. (Mamulo, who was indicted with him, was also convicted; see Com. v. Mamulo, opinion this day filed.) From the judgment and sentence entered against him, defendant appealed.

The defense was an alibi, the defendant by his own testimony and that of one witness, whose testimony was very weak, claiming that he was in Youngstown, Ohio, at the time of the commission of the crime. The defendant testified further that prior to his arrest he had never been in Verona, that he had not heard of the crime until after his arrest, and that it was not until January 30, 1932, when he was in jail, that he learned that the crime had been committed on December 6, 1930. On cross-examination the district attorney produced an envelope containing a letter, and, after the envelope, with the letter in it, had been marked as an exhibit in the case, the defendant admitted that the letter bore his signature. The Commonwealth, in rebuttal, offered in evidence "this letter, identified by the defendant as being signed by himself, for the purpose of rebutting the statement that he did not know the date of the crime at Verona until January 30, 1932, and for the further purpose of going to the credibility of this defendant and rebutting the statement that he was not in Verona on December 6, 1930." The letter was dated January 29, 1932, and was written in the Croatian language. A translation disclosed that defendant then knew of the bank robbery at Verona, of the killing of McFarland, and that he was suspected of being guilty of the crime. In the letter he asked the woman to whom it was addressed to see a lawyer and get witnesses who would testify that he was at home in Youngstown on December 6, 1930. He also stated in the letter that it was written against the rules of the jail, which required all letters to be in English, for which reason he expressed doubt that the letter would reach its destination.

Defendant's first three assignments of error relate to the use made of this exhibit by the Commonwealth. In the course of his closing argument to the jury, the district attorney produced the envelope containing the letter and said, "Nobody but a guilty man would write a letter in jail in a foreign language and slip it out, be-

cause if he was innocent he would write it in English and send it out through the proper authorities." It is contended that this remark constituted prejudicial error, in that it was beyond the scope of the offer placing the letter in evidence, and because, in suggesting that the letter had been clandestinely removed from the jail, the district attorney was giving unsworn testimony. There is no merit in the contention. The letter was in evidence, and the remark of the district attorney was a reasonable inference that could properly be derived from the letter itself.

It is the duty of a prosecuting officer to present the evidence against the defendant fairly and not misstate facts. But it in no way offends this rule for him to urge upon the jury inferences which can reasonably be drawn from the evidence. Such inferences are entirely proper for the jury to weigh and consider in determining their verdict: Com. v. Brown, 309 Pa. 515. As we said in Com. v. Touri, 295 Pa. 50, "The important question is whether the prosecuting officer's remarks are mere assertions intended to inflame the passions of the jury, or statements that are fair deductions from evidence presented." The remarks of the district attorney in this case did not in any way go beyond the limit of reasonable inference. The letter was written in jail, and in it the writer doubted that it would be received because it was written in a foreign language, against the rules of the institution. From these facts, and other statements in the letter, it was certainly not improper for the district attorney to argue that the letter, and the circumstances under which it was written, indicated guilt. The third assignment of error is overruled.

Defendant also contends that he should be granted a new trial because the district attorney, when he used this exhibit in his argument to the jury, did not remove the letter from the envelope, but used both the envelope and the letter. This argument is highly technical, and is wholly devoid of merit. Defendant's complaint is based

upon the fact that although the envelope containing the letter was marked as an exhibit in the case, the district attorney actually offered only the letter in evidence. The envelope and letter constituted the exhibit in the case, and were marked as a single exhibit, the letter being in the envelope at the time the envelope was marked. The court and all concerned at the time considered them a single exhibit. There is nothing in the record to show why the envelope is objected to, and certainly it was the letter and its contents that were of importance in the case. It was the letter which was read to the jury and on which the argument of the district attorney was based. Except when it was marked as an exhibit, there is not even a mention of the envelope to be found in the record. Certainly defendant's interests were not prejudiced because when the letter was used in the argument it was not removed from the envelope. The first and second assignments are overruled. There is no merit in the fourth, fifth and sixth assignments, and we pass them without discussion.

At the trial, the police officer who arrested the defendant testified as to the circumstances of the arrest, saying that when he asked the defendant his business, the latter replied, "Insurance business," but was unable, in response to further inquiry, to name a firm for which he worked. (In his testimony at the trial, defendant admitted that he had never worked for an insurance company.) The admission of this testimony is assigned as error. On the contrary, it is always permissible "to show flight, concealment of identity, resistance of arrest, and the remarks of the prisoner when arrested": Com. v. Luccitti, 295 Pa. 190. See also Com. v. McManiman, 27 Pa. Superior Ct. 304. That the defendant attempted to mislead the police officer, undoubtedly in order to escape arrest, was not devoid of value as proof of his guilt.

The remaining assignments of error relate to the charge of the learned trial judge. It is contended that the charge was inadequate in its presentation of the law

applicable to the case, and prejudicial to the defendant in its review of the testimony. There is no merit in any of these assignments. It is true that the court did omit to state the measure of proof required to reduce the magnitude of the crime from second-degree murder to voluntary manslaughter, but this omission could not conceivably have injured the defendant. It was proved that McFarland had been killed in the course of a bank robbery, and there was not a bit of evidence to reduce the grade of the crime below first-degree murder. The degree of the crime was not an issue in the case; the only question was whether defendant committed it. Since there was no evidence to reduce the degree of the crime to manslaughter, the court was not required to charge the jury in respect to manslaughter: Com. v. Lessner, 274 Pa. 108; Com. v. Spardute, 278 Pa. 37; Com. v. Meleskie, 278 Pa. 383. See Com. v. Bishop, 285 Pa. 49; Com. v. Weston, 297 Pa. 382. As to the contention that the charge unduly stressed the Commonwealth's evidence, and did not amply cover the testimony presented by the defense, an examination of the charge shows that this argument is little more than a complaint that the trial judge did not argue defendant's cause to the jury. The charge was full, clear and impartial, and we find no error in it.

The assignments of error are all overruled, the judgment is affirmed, and the record is remitted to the court below for the purpose of execution.