HARRY T. TAYLOR v. STATE.

166 So. 825.

Division A.

Opinion Filed March 30, 1936.

*Robert R. Taylor,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—Plaintiff in error was convicted in the Criminal Court of Record in and for Dade County of the felony of unlawfully withholding the means of support from his minor children (Section 7654, C. G. L., 5496, R. G. S.), and was sentenced therefor to serve one year in the State Prison. Upon writ of error he contends that the conviction was unjustified in law or in fact under the circumstances shown, and that in addition thereto, that the trial itself was so characterized by improper and prejudicial conduct on the part of the Assistant County Solicitor, that a new trial should be awarded on that ground alone.

There was no evidence whatsoever to support the Assistant County Solicitor's improper argument to the trial jury that "These children (referring to defendant's children) are now being supported by the taxpayers of Dade County, and you, as taxpayers, are now helping to support them." The statement was timely objected to and the trial judge requested to instruct the jury not to consider the im-

proper argument of the Assistant County Solicitor in arriving at their verdict. The judge denied the motion, but allowed an exception to his ruling, which exception is made the basis of an assignment of error.

A review of the case in its entirety demonstrates that it is of doubtful character at best, as warranting a conviction of the accused under the circumstances shown by the evidence, in view of the fact that the Chancery Court of Dade County appears to have retained complete jurisdiction to determine and enforce as against the divorced father, a proper payment of support for his children that the court had awarded to the divorced mother. But be that as it may, the impropriety of the conduct of the Assistant County Solicitor's appeal to the self-interest, passion and prejudice of the trial jury was so flagrant as to entitle the defendant to a new trial as a matter of law, when the trial judge, although appropriately requested to rebuke such impropriety, apparently acquiesced in it by refusing to instruct the jury against it.

Reversed.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.