## Commonwealth *v.* Neff, Appellant.

514

Argued April 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT, and KENWORTHEY, JJ.

*Samuel H. Sarraf*, for appellant.

Louis L. Kaufman, with him Russell H. Adams, District Attorney, for appellee.

OPINION BY HIRT, J., July 23, 1942:

Defendant appealed from a judgment of sentence following his conviction of fornication and bastardy. No notes of the testimony were taken at the trial but the facts material to the assignments of error have been stipulated by counsel with the approval of the trial judge, and are before us in the nature of bills of exceptions. It is conceded that the Commonwealth's testimony is sufficient to support the conviction. Defendant seeks a new trial on three grounds.

1. He complains that the court erred in failing to withdraw a juror because he was prejudiced by the district attorney's cross-examination. Defendant on the stand denied sexual relations with the prosecutrix. The transcript of the justice contained the following statement: "Defendant admitted being with affiant and having sexual intercourse with her." The district attorney, with the transcript before him, asked the defendant on cross-examination: "Did you not admit having sexual intercourse with the prosecutrix?" Defendant's objection to the question was overruled. Immediately thereafter, the Commonwealth offered the transcript in evidence; the offer was properly refused by the trial judge upon defendant's objection but there was no motion to withdraw a juror.

A transcript is not admissible as proof of facts found by the magistrate from the evidence. Where the testimony was taken in short hand, the transcribed notes, duly authenticated, would perhaps be the best evidence. Com. v. Bone, 64 Pa. Superior Ct. 44. Where the hearing was not so reported, the admissions of a defendant are usually proved by calling the magistrate himself. The statement of agreed facts does not disclose whether the magistrate was in fact called, but he need not be. What occurred at the preliminary hearing may be

established by the testimony of others who were present. Henry, Pa. Trial Ev. (3d Ed.) §312. There was such testimony, as is indicated by this statement of the trial judge in the opinion of the court below: "A great deal of testimony was taken pro and con as to whether the defendant had made such admission before the Squire"; and counsel have agreed that "in rebuttal, the prosecutrix testified that the defendant had made the admission referred to." The defendant, here, was not prejudiced. There was nothing inherently wrong in the conduct of the district attorney; he had a right to assume the truth of the statement contained in the transcript as the basis for cross-examination of the defendant. It is the common practice to refer to notes or documents in marshaling material for cross-examination of a witness and it is admitted that the transcript referred to contains the subject matter which prompted the inquiry; there is no contention that the district attorney distorted or improperly interpreted it in the question put to the defendant. See *Wagner v. Hazle Township*, 215 Pa. 219, 64 A. 405. The previous statement of a witness in conflict with his testimony as to a relevant matter may always be shown as affecting his credibility. *Com v. Zervas*, 302 Pa. 510, 153 A. 767; *Com. v. Carr*, 137 Pa. Superior Ct. 546, 10 A. 2d 133. In any view, whatever harm was done by the reference to the transcript, not admissible as evidence, was cured by the independent testimony of witnesses above referred to, that defendant at the preliminary hearing admitted sexual relations with the prosecutrix. It is only where an offer of wholly irrelevant and incompetent evidence is prejudicial and harmful to the defendant that the trial judge *of its own motion* must withdraw a juror and continue the case. *Com. v. Williams*, 41 Pa. Superior Ct. 326. We find no error in the failure of the trial judge to withdraw a juror on this ground.

2. Defendant complains that the district attorney,

in his address to the jury, declared that the defendant would 'jump at the chance to plead guilty to the fornication charge' if he could thereby eliminate the bastardy count. The trial judge's recollection of the statement is that the district attorney asked the jury to reach this conclusion as a reasonable inference. In view of the testimony that defendant had admitted the fornication, the conclusion which was urged upon the jury was not illogical. "The important question is whether the prosecuting officer's remarks are mere assertions intended to inflame the passions of the jury, or statements that are fair deductions from evidence ...... Assertion of opinion for the purpose of stimulating the jury to a careful and conscientious discharge of their duty in a particular case is always allowable. Where, under all the circumstances of the case, the verdict rendered is a just one, the language of the prosecuting officer which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation or degree of guilt that may be present in the case, and thus make them unable to render a true verdict": *Com. v. Meyers,* 290 Pa. 573, 139 A. 374. "It is the duty of a prosecuting officer to present the evidence against the defendant fairly and not misstate facts. But it in no way offends this rule for him to urge upon the jury inferences which can reasonably be drawn from the evidence": *Com. v. Hadok,* 313 Pa. 110, 169 A. 111; *Com. v. Wilcox,* 316 Pa. 129, 173 A. 653.

Finally, defendant complains that the proof of the date of the sexual intercourse varied by two days from that alleged in the indictment. We have repeatedly held that the Commonwealth is not restricted, in proving the date of an offense, to that alleged in the indictment. The burden upon the Commonwealth is met by proof of the commission of the offense on some other

date, fixed with reasonable certainty and within the prescribed statutory period. *Com. v. Levy,* 146 Pa. Superior Ct. 564, 23 A. 2d 97. The proof in this case fixed a certain date within the statute and within the period of gestation. If defendant was surprised by the change in date, it was for him to request a continuance. There is nothing in the record to show that this was done.

We find no merit in any of the assignments of error. The judgment of sentence is affirmed.