## Commonwealth *v.* Johnson, Appellant.

438

Argued September 27, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Joseph V. McEnery,* for appellant.

*A. V. Cortese,* with him *Ephraim Lipschutz,* Assistant District Attorney, and *John H. Maurer,* District Attorney for appellee.

OPINION BY HIRT, October 29, 1943:

Defendant was tried by the same jury on three separate indictments each charging robbery with violence being armed with an offensive weapon, and assault with intent to rob, under §705 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS 4705. A verdict of not guilty was directed as to one of them. He was convicted on the other two and was sentenced to imprisonment from 10 to 20 years on each conviction, to be served consecutively. At the close of the Comonwealth's case defendant demurred to the evidence on each of these two charges. The demurrers were overruled. Following final judgments of sentence defendant took these appeals, assigning as error the refusal of the court to sustain his demurrers. Since the Act of June 5, 1937, P. L. 1703, 19 PS 481, the decision of the court overruling a demurrer to the evidence is appealable, after final judgment, if assigned as error. *Com. v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314; *Com. v. Smith,* 135 Pa. Superior Ct. 174, 5 A. 2d 383.

The testimony on bill 25 is wholly insufficient to support a conviction. The following is all of the material testimony: Evelyn Egolf in the early morning of March 12, 1943, while walking home on Manheim Street in Germantown was struck on the head with an instrument by a colored man who attempted to take her handbag. On the witness stand she was so disturbed mentally that she was unable to supply any of the details. She was excused as a witness and a detective was permitted to testify as to statements made to him by her. This testimony was clearly hearsay and had no probative value. Nowhere in the testimony is there any evidence

of the identity of the defendant as the robber. An alleged admission of the defendant in the presence of the witness Knight does not supply the deficiency. Knight testified that about the middle of March, in the company of another negro, Odell, he met the defendant on Price Street and in the course of a conversation defendant "asked Odell did he ever read in the papers where two women got knocked in the head"; that when Odell said "no", defendant stated: "Anyway, I was the one that did it." Defendant on the stand admitted a conversation with Odell and Knight on March 15, 1943, but denied making the admission. These are the circumstances upon which the statement was received as evidence: The assault upon Evelyn Egolf occurred on March 12, 1943. The third indictment on which a verdict of not guilty was directed, charged an assault upon one Theresa Gill on March 11, 1943. Mrs. Gill had become mentally deranged and was unable to testify. It is obvious that this testimony was not admissible. The question "did he *ever* read" is not definite as to time. There is no evidence that any newspaper printed accounts of assaults upon Miss Egolf or Mrs. Gill or, if they did, that similar assaults on other women were not also reported. Moreover there is no evidence of the date Mrs. Gill was assaulted nor in fact is there any evidence of an assault upon her. (The assault on Martha Stellmacher occurred on April 15, *after* the conversation.) In spite of this the trial judge, over the objection of defendant, instructed the jury that from the indictment, without proof, an assault may be inferred and the date when it occurred, established. This clearly was error. An indictment is ex parte and does no more than accuse a defendant of the commission of a crime. Unless time is of the essence of the offense a date may be laid in the indictment and any other date, within statutory limits, may be proven. *Com. v. Neff*, 149 Pa. Superior Ct. 513, 27 A. 2d 737. An indictment is not evidence and a conviction resting upon an instruc-

tion that it may be so regarded, will be set aside. It follows that defendant must be discharged on this appeal; we have no power to grant a new trial as was the practice prior to the Act of 1937, supra. "...... if the decision overruling the demurrer was erroneous and the demurrer should have been sustained, the judgment will be reversed *and the defendant discharged,* unless the evidence produced by the defendant in his own behalf, or the rebuttal thereto by the Commonwealth, in connection with the evidence in the case when the demurrer was entered, will support the verdict of guilty." *Com. v. Marino,* supra. (Italics added.)

We think there is sufficient evidence, by a narrow margin, on bill 24 to raise an issue for the jury. Martha Stellmacher testified that near midnight on April 15, 1943, she observed the defendant in the trolley car in which she was riding. She described his clothing—a blue suit and a short topcoat. Defendant testified that he had bought a blue suit and an overcoat from $150 given him by his girl friend. Defendant left the street car after Mrs. Stellmacher at the corner of Wayne and Chelten Avenues and as she walked west on Chelten Avenue she turned back and saw him *following* her for two blocks. From fear of him she then crossed the street to the Chelten Avenue station of the Pennsylvania Railroad hoping to find a taxicab to take her home. Just before crossing the street she again observed the defendant "ten to twenty steps away." No taxicab was at the station and after waiting for "some minutes" she resumed walking along Chelten Avenue in the direction of her home. Within one block from the station she was struck on the head and was knocked insensible. Her purse containing $140 was taken. The assault occurred between *five and seven minutes from the time she last observed the defendant* and he was then following her. She testified that in the interval no other person was on the street. This is more than negative testimony. Her testimony as a whole char-

acterizes her as a person of stability. It is a fair inference that the fear raised by defendant's conduct so quickened her senses that she would have observed others if they had been there. A jury within reason also might infer from all the circumstances that defendant continued west on Chelten Avenue while Mrs. Stellmacher crossed to the railway station and from concealment, struck her as she proceeded down the street. There is positive evidence of identification of defendant on the street near the crime and within seven minutes of its commission. The proof of the identity of defendant as the assailant must rest upon this and other circumstances; among them, the conduct of defendant from the time he left the street car until the woman crossed to the railroad station. If his conduct was threatening it was some evidence of identity and guilt. Defendant's testimony also might be considered as some evidence of guilt because incredible. If he was in the neighborhood, and that was positively established by credible evidence, a jury properly might expect him to testify to an honest mission which brought him there. Instead, his testimony is but a bald denial of the commission of the crime and his presence on the street.

If the rule of *Com. v. Byers*, 45 Pa. Superior Ct. 37, must be applied, since the proof though consistent with guilt is not wholly inconsistent with innocence, the defendant should be discharged. However, in *Com. v. Marino*, supra, President Judge KELLER rationalized the rule by suggesting: "When a crime charged is sought to be sustained wholly by circumstantial evidence the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt." The *Marino* case was cited—we may infer with approval as to the necessary quality of circumstantial evidence—

in *Com. v. Libonati*, 346 Pa. 504, 31 A. 2d 95. We think the proofs in this case are within the rule.

However there was error in the charge of the court which requires a reversal and a new trial. Cf. *Com. v. Tracey*, 130 Pa. Superior Ct. 15, 196 A. 549. On the vital question *(Com. v. Sharpe,* 138 Pa. Superior Ct. 156, 10 A. 2d 120) of the identity of the robber the court misquoted the evidence by saying to the jury: "She has him right up within a few feet of the scene of the crime," whereas Mrs. Stellmacher last saw the defendant a block away. When defendant objected to the misstatement, the trial judge did not correct it. This wholly inaccurate review of the testimony prejudiced the defendant and constituted serious and fundamental error. *Com. v. O'Brien*, 312 Pa. 543, 168 A. 244; *Com. v. Colandro*, 231 Pa. 343, 80 A. 571.

Judgment is reversed and defendant discharged on bill 25 (198 October Term, 1943). Judgment on bill 24 (197 October Term, 1943) is reversed with a venire facias de novo.