## Commonwealth *v.* Gaber, Appellant.

Argued March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*George W. Schroeck,* for appellant.

*Damian J. McLaughlin,* District Attorney, with him *John J. Galbo,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., April 29, 1948:

This is an appeal by the defendant, Karl Gaber, from the refusal of a new trial after his conviction of fornication and bastardy. The basis of the appeal is that the trial court erred in refusing to withdraw a juror and continue the case.

The indictment charged the defendant with committing fornication and bastardy "on or about August 15th", 1946. The child was born on July 9, 1947.

In his opening remarks to the jury, the district attorney stated that the Commonwealth would show that the defendant had sexual relations with the prosecuting witness, Stella Furey, over the period of time from July to December 1946. The defendant pleaded surprise and asked for the withdrawal of a juror and continuance of the case on the ground that he was "not prepared to defend as to anything beyond the scope of the indictment". The motion for continuance was refused. Subsequently, Miss Furey testified that she and the defendant had sexual relations "two or three times a week" from July to December, 1946. The defendant objected to this testimony and again asked for a continuance of the case, which the trial court refused, the court taking the position that although the indictment set forth that the offense was committed "on or about the 15th day of August", the Commonwealth might show that the offense was committed at any time prior to the finding of the indictment and within the period prescribed by the statute of limitations. Unless time is of the essence of the offense a date may be laid in the indictment and any

other date, within statutory limits, may be proven. *Com. v. Johnson,* 153 Pa. Superior Ct. 437, 34 A. 2d 170.

In *Com. v. Neff,* 149 Pa. Superior Ct. 513, 27 A. 2d 737, the proof of the date of the sexual intercourse varied by two days from that alleged in the indictment. At page 517, Judge HIRT stated: "We have repeatedly held that the Commonwealth is not restricted, in proving the date of an offense, to that alleged in the indictment. The burden upon the Commonwealth is met by proof 'of the commission of the offense on some other date, *fixed with reasonable certainty* and within the prescribed statutory period. Com. v. Levy, 146 Pa. Superior Ct. 564, 23 A. 2d 97. The proof in this case fixed a *certain* date within the statute and within the period of gestation. If defendant was *surprised* by the change in date, it was for him to *request a continuance.* There is nothing in the record to show that this was done." (Italics supplied.) In *Com. v. Streets,* 113 Pa. Superior Ct. 65, 172 A. 31, where the date in the indictment was amended to conform to the proof without objection by the defendant, Judge KELLER stated at page 70: "If the defendant was unprepared to go to trial by reason of the change in the date in the indictment, the case, on his motion, would have been continued."

In this case, the defendant repeatedly asked for a continuance. His plea of surprise—undoubtedly a genuine one—was based not only upon the date in the indictment but also on testimony given by Miss Furey at the preliminary hearing. On cross-examination, she testified: "Q. At the preliminary hearing isn't it a fact that you testified that the last time you had sexual relations with the defendant was on August 15th? Isn't that the truth? A. Yes, sir. Q. And at that preliminary hearing, Miss Furey, you also testified that at that time, on March 24th, that you were seven months pregnant, isn't that a fact? A. Yes." With a knowledge of the testimony given at the preliminary hearing, the defendant went to

trial on an indictment charging "on or about August 15th" and was met by an effort on the part of the Commonwealth to prove offenses over a period of several months. His request for a continuance should have been granted.

Judgment reversed with a venire.