Commonwealth *v.* Shaffer, Appellant.

*Joseph M. George,* with him *Ray, Buck, Margolis, Mahoney and John,* for appellant.

*Donald J. McCue,* Assistant District Attorney, with him *Richard D. Cicchetti,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant contends that the trial court erred in refusing to grant his request for a new trial on the ground that the district attorney's inflammatory summation so prejudiced the jurors against him as to deny him a fair trial.

The appellant, James Shaffer, was indicted and charged with fornication and bastardy in the Court of Common Pleas of Fayette County. During the trial, the prosecutrix testified that she had sexual relations with the appellant on December 24, 1969, January 2, 1970, and January 10, 1970. A child was born out of this alleged liason on October 9, 1970.

Following the presentation of the evidence, opposing counsel argued their respective cases to the jury. The district attorney argued that if the jurors did not find the appellant guilty as charged, the burden of supporting the child would fall upon the unemployed prosecutrix or on the taxpayers of Fayette County. The defense counsel properly lodged an objection to this remark with the court and moved for the withdrawal of a juror. The trial judge refused to grant the motion.

Pennsylvania courts have allowed the prosecution broad latitude in presenting its summation to the jury.

Thus, a district attorney may argue all facts introduced into evidence and he may draw all the reasonable inferences from these facts. *Commonwealth v. Neff,* 149 Pa. Superior Ct. 513, 517, 27 A. 2d 737 (1942). Where the prosecutor, however, exceeds the permissible scope of argument and defense counsel moves for the withdrawal of a juror, his contentions must be examined to determine whether or not a new trial should be granted to the defendant. If " 'under all the circumstances of the case, the verdict rendered is a just one, the language of the prosecuting officer which will justify reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation or degree of guilt that may be present in the case, and thus make them unable to render a true verdict.' " 149 Pa. at 517. The appellate courts will "grant relief to a defendant whose rights have been disregarded by a district attorney" provided that the prosecutor's remarks were so prejudicial as "to create an improper prejudice in the minds of the jurors and thus tend to prevent a fair trial." *Commonwealth v. Massarelli,* 304 Pa. 335, 339, 156 A. 101 (1931).

The American Bar Association has taken these considerations into account in setting forth the standards which an attorney should follow in presenting argument to a jury:

"5.8 Argument to the jury.

" . . . .

"(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

"(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than

the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

"Commentary

". . . .

"c. Appeals to passion or prejudice

"Arguments which rely upon racial, religious, ethnic, political, *economic,* or other prejudices of the jurors introduce elements of irrelevance and irrationality into the trial which cannot be tolerated in a society based upon the equality of all citizens before the law. . . ." American Bar Association Standards Relating to the Prosecution and Defense Function §5.8 (emphasis added).[1]

The ABA Standards are structured to prevent attorneys from arguing in a manner which will make the jurors interested parties in the matter before them. If jurors believe that their interests are intimately related to the outcome of the case, they cannot be fair and impartial. In *United States v. Sprengel,* 103 F. 2d 876 (3d Cir. 1939) the defendant was charged with using the United States mails to defraud. During his summation, the attorney general argued: ' " We have got to convict these people. They will go wild with this kind of thing. The only way it can be done is by conviction.' These comments concerning what might constitute the future conduct of the appellants were preju-

---

[1] "Prosecutorial conduct in argument is a matter of special concern because of the possibility that the jury will give special weight to the prosecutor's arguments, not only because of the prestige associated with his office, but also because of the fact-finding facilities presumably available to him." ABA Standards §5.8 Commentary at p. 126-127. The United States and Pennsylvania Supreme Courts have long recognized this problem and urged prosecutors to avoid all forms of impropriety in argument: *Berger v. United States,* 295 U.S. 78, 85-89 (1934), *Commonwealth v. Bubnis,* 197 Pa. 542, 550-551, 47 A. 748 (1901).

dicial. The appellants were on trial for crimes which they committed, not for a course of future conduct. . . . Remarks of this tenor are intemperate in character and prejudicial in effect." 103 F. 2d at 884. Such an argument was an attempt to inflame the passions of the jury by warning them that they or their family and friends might be the victims of the defendants in the future.

In the instant matter, the district attorney made predictions of the economic consequences of the jury's verdict. This type of argument is specifically prohibited by the ABA Standards. The jurors were warned that they would pay for the support of the child if appellant did not. In *Taylor v. State*, 123 Fla. 358, 166 So. 825 (1936), the prosecutor advanced a similar argument: "[T]hese children are now being supported by the taxpayers of Dade County, and you, as taxpayers, are helping to support them." The Florida Supreme Court held: "[T]he impropriety of the conduct of the assistant county solicitor's appeal to the self-interest, passion, and prejudice of the trial jury was so flagrant as to entitle the defendant to a new trial as a matter of law, when the trial judge, although appropriately requested to rebuke such impropriety, apparently acquiesced in it by refusing to instruct the jury against it." 123 Fla. at 358, 359, 166 So. at 826. In the instant case, the trial judge both refused to withdraw a juror and to instruct the jury to disregard the prosecution's remarks. Such argument is prejudicial, tending to unfairly inflame the minds of the jurors against the defendant so that he could not receive a fair trial. Appellant must receive a new trial.

The judgment of the lower court is reversed and the case remanded for a new trial.

WRIGHT, P. J., WATKINS and JACOBS, JJ., dissent.